MMB

JS 44 (Rev 06/17)

**CIVIL COVER SHEET**

19 CV 289

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JONATHAN M MALCOLM,

**DEFENDANTS**

**19   239**

REGAL IDEAS, INC D/B/A TELESTEPS; TELESTEPS, INC; ET AL.,

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   King (Washington)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Semanoff Ormsby Greenberg & Torchia, LLC
2617, Huntington Pike, Huntington Valley, PA 19006
Ph (215) 887-0200

Attorneys *(If Known)*
Riker Danzig Scherer Hyland & Perretti LLP
One Speedwell Ave., Morristown, NJ 07962
Ph: (973) 538-0800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*

Brief description of cause:

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions)*
JUDGE

DOCKET NUMBER

JAN 16 2019

DATE
Jan. 16, 2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

MMB

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

19      239

Address of Plaintiff: _180 Platt Place, Trevose, PA_

Address of Defendant: _Regal Ideas, Inc. (US): 9320 4th Avenue South, Seattle, WA, Regal Ideas, Inc. (CAN): Unit 150-7350 Wilson Avenue, Delta, B.C V4G 1H3_

Place of Accident, Incident or Transaction: **Alleged place of accident: 735 Liberty Road, Collegeville, PA 19426**

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _January 16, 2019_   _(signature)_   _CR-5533_
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A.  Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☐ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.  Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)* _____
- ☑ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

JAN 16 2019

DATE _____   _____   _____
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

MMB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jonathan M. Malcolm, | : | CIVIL ACTION |
| v. | : | |
| Regal Ideas, Inc d/b/a Telesteps; Telesteps, Inc.; | : | **19   239** |
| Regal Ideas, Inc. d/b/a Telesteps | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

| | | |
|---|---|---|
| | | Regal Ideas, Inc (US) and Regal Ideas, Inc. (CAN) improperly impled as Regal Ideas, Inc. d/b/a Telesteps, Inc. |
| January 16, 2019 | _Charles ___ | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (973) 538-0800 | (973) 538-1984 | crafuse@riker com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

⌐JAN 16 2019

**RIKER DANZIG SCHERER HYLAND**
**& PERRETTI, LLP**
**BY:  CHRISTEN L. RAFUSE, ESQ. (CR-7533)**
Headquarters Plaza
One Speedwell Avenue, P.O. Box 1981
Morristown, New Jersey 07962-1981
crafuse@riker.com
Phone: (973) 538-0800, FAX: (973) 451-9734

**ATTORNEY FOR DEFENDANTS,**  Regal Ideas, Inc.
(US) and Regal Ideas, Inc. (CAN)  improperly implead as
Regal Ideas, Inc. d/b/a Telesteps, Inc.

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN M. MALCOLM,**<br><br>                                **PLAINTIFFS**<br>**v.**<br><br>**REGAL IDEAS, INC D/B/A TELESTEPS;**<br>**TELESTEPS, INC; REGAL IDEAS, INC.**<br>**D/B/A TELESTEPS**<br><br>**DEFENDANTS.** | **CIVIL ACTION NO.**<br><br><br>REMOVED FROM THE COURT OF<br>COMMON PLEAS, MONTGOMERY<br>COUNTY, PENNSYLVANIA |

## NOTICE OF FILING OF NOTICE OF REMOVAL OF CIVIL ACTION

To:     Clerk of the Court
        James A. Byrne U.S. Courthouse
        601 Market Street
        Philadelphia, Pennsylvania 19106

With Notice To:

        Court of Common Pleas, Montgomery County, Pennsylvania
        2 E. Airy Street
        Norristown, Pennsylvania 19404

        Howard Semanoff, Esq.
        Semanoff Ormsby Greenberg & Torchia, LLC
        2617 Huntingdon Pike
        Huntingdon Valley, PA 19006

**PLEASE TAKE NOTICE** that Defendants, Regal Ideas, Inc. (US) and Regal Ideas, Inc. (CAN)  improperly implead as Regal Ideas, Inc. d/b/a Telesteps, Inc. ("Removing Defendants") hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Court of Common Pleas, Montgomery County, Pennsylvania, Civil Action No. 2018-20413, to the United States District Court for the Eastern District of Pennsylvania  pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 with full reservation of any and all of its rights, defenses, and objections, and states as follows:

**PROCEDURAL HISTORY**

1.      This action arises out of a personal injury action instituted by Plaintiff Jonathan M. Malcolm ("Plaintiff") on August 23, 2018 in the Court of Common Pleas of Montgomery County, Pennsylvania, under Civil Action No. 2018-20413. .

2.      Plaintiff alleges counts of negligence, products liability (strict liability), and breach of warranty against Removing Defendants.

3.      On December 14, 2018, Removing Defendants filed an Answer.

4.      Pursuant to 28 U.S.C. § 1446(a) a copy of the Summons with Notice is attached hereto as **Exhibit A**.  A copy of Removing Defendants' Answer is attached hereto as **Exhibit B.**

**REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332**

5.      This Action is removable because the Court has original jurisdiction pursuant to 28 § 1332(a).  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Removal to this Court is appropriate because the Court of Common Pleas, Montgomery County, Pennsylvania is located within the Eastern District of Pennsylvania.

**A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

2

7.      Upon information and belief, Jonathan M. Malcolm is a resident with an address at 180 Platt Place, Trevose, Pennsylvania. See **Exhibit A.**

8.      Defendant Regal Ideas, Inc. (US) is a company organized and existing under the laws of State of Washington with its principal place of business at 9320 4th Avenue South, Seattle, Washington.  See **Exhibit B.**

9.      Defendant Regal Ideas, Inc. (CAN) is a company organized and existing under the law of the Province of British Columbia with its principal place of business at Unit 150-7350 Wilson Avenue, Delta, B.C. V4G 1H3. See **Exhibit B.**

10.      Telesteps, Inc. is dissolved and has no agents, servants, or employees.  See **Exhibit B.**

11.      There are no other parties to this matter.  Thus, there is complete diversity between Plaintiff and Removing Defendants.

**B. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

12.      Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must "exceed [ ] the sum or value of $75,000, exclusive of interest and costs."

13.      Plaintiff's Complaint filed in Montgomery County, Pennsylvania on August 23, 2018 does not specify the amount in controversy. See **Exhibit A.**

14.      Plaintiff's Answers to Defendants' Requests for Admission constitute the first document from which it could be ascertained that this matter is removable.

15.      Plaintiff's Answers to Defendants' Requests for Admission deny that the amount of controversy does not exceed $75,000, and states, "Plaintiff's injuries as set forth in his Complaint along with the Workers Compensation Lien are reasonably believed to be in excess of that amount." See **Exhibit C**, No. 1.

3

16.     Although Removing Defendants will vigorously dispute that it owes Plaintiff any damages, the potential damages sought by Plaintiff exceed the jurisdictional amount of $75,000.

17.     Therefore, the 28 U.S,C. § 1332(a) amount-in-controversy requirement is satisfied because the Plaintiff seeks more than $75,000 in monetary damages.

## REMOVING DEFENDANTS SATISFY THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1441, *et seq.*

18.     Because this Court has original jurisdiction over the Action pursuant to § 1332, the Action is removable pursuant to 28 U.S.C. § 1441.

19.     Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) in that this Notice is being filed within thirty (30) days of receipt of Plaintiff's Answers to Requests for Admission on Removing Defendants. See **Exhibit C.**

20.     No previous Notice of Removal has been filed or made to this Court for the relief sought herein.

21.     This Notice is being filed within one year of the commencement of the Action pursuant to  28 U.S.C.A. § 1446(c)(1).

22.     Removing Defendants will promptly serve a copy of this Notice of Removal on Plaintiff's counsel, and will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas, Montgomery County, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Removing Defendants respectfully request that Plaintiff's action be removed from the Court of Common Pleas of Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

By: _____
Christen L. Rafuse, Esq. (CR-7533)

Dated: January 15, 2018

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2018, I caused a copy of the foregoing (i) Notice of Removal with Exhibits and (ii) Rule 7.1 Corporate Disclosure to be sent to the Court via Federal Express. I also certify that the foregoing is being served this day on all counsel of record identified below via electronic mail and regular mail:

Harold Semanoff, Esq.
Semanoff Ormsby Greenberg & Torchia, LLC
2617 Huntingdon Pike
Huntingdon Valley, PA 19006

RIKER, DANZIG, SCHERER, HYLAND
   & PERRETTI LLP
Attorney for Defendants, Regal Ideas, Inc. (US) and
Regal Ideas, Inc. (CAN), improperly implead as Regal
Ideas, Inc. d/b/a Telesteps, Inc.
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ  07962
Phone: (973) 538-0800
Fax:     (973) 538-1984

By:_____
       Christen L. Rafuse
       (CR-7533)

5016056v2

# EXHIBIT A

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

JONATHAN M MALCOLM

vs.

REGAL IDEAS INC

NO. 2018-20413

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC**
BY:  HAROLD SEMANOFF, ESQUIRE
Identification No.  25366
2617 Huntingdon Pike
Huntingdon Valley, PA  19006
(215) 887-0200

ATTORNEYS FOR PLAINTIFF
COURT OF COMMON PLEAS
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| Jonathan M. Malcolm<br>180 Platt Place<br>Trevose, PA  19053 | : | |
| | : | |
| | : | |
| Plaintiff | : | NO.  2018-20413 |
| vs. | : | |
| Regal Ideas, Inc.<br>d/b/a Telesteps<br>9320 4th Avenue South<br>Seattle, Washington 98108<br>and<br>Telesteps, Inc.<br>9320 4th Avenue  South<br>Seattle, Washington 98108<br>and<br>Regal Ideas, Inc.<br>d/b/a Telesteps<br>Unit 150-7350 Wilson Avenue<br>Delta, BC, V4G 1H3<br>Canada | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## CIVIL ACTION - COMPLAINT

1.     Plaintiff Jonathan M. Malcolm is an adult individual residing 180 Platt Place, Trevose, Pennsylvania.

2.     Defendant Regal Ideas, Inc., d/b/a/ Telesteps, is upon information and belief, a company organized and existing under the laws of the State of Washington with its principal place of business located at 9320 4th Avenue South, Seattle, Washington 98108 (hereinafter "Regal US").

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3.      In the alternative, it is averred that Defendant Regal Ideas, Inc., d/b/a/ Telesteps, is a company organized and existing under the laws of Canada with its principal place of business located at Unit 150-7350 Wilson Avenue, Delta, BC, V4G 1H3.  (hereinafter "Regal Canada").

4.      In the alternative, it is further averred that Defendant Telesteps, Inc. is, upon information and belief, a company organized and existing under the laws of state of Washington with its principal place of business located at 9320 4th Avenue South, Seattle, Washington 98108.

5.      At all times relevant hereto, Defendants Regal US was engaged in the business of designing, manufacturing, marketing and distributing telescopic ladders, including the Telesteps 1800EP aluminum extension ladder (hereinafter the "Telesteps 1800EP"and/or "Ladder").

6.      In the alternative it is averred that at all times relevant hereto, Defendant Regal Canada was engaged in the business of designing, manufacturing, marketing and distributing telescopic ladders, including the Telesteps 1800EP aluminum extension ladder (hereinafter the "Telesteps 1800EP"and/or "Ladder").

7.      In the alternative it is further averred that at all times relevant hereto Defendant Telesteps, Inc. was engaged in the business of designing, marketing and distributing telescopic ladders, including the Telesteps 1800EP aluminum extension ladder (hereinafter the "Telesteps 1800EP"and/or "Ladder").

8.      At all times relevant hereto Defendant Regal US acted by and through its agents, servants and/or employees acting within the course and scope of their employment and/or agency and in furtherance of the business purposes of said Defendant.

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

9.      At all times relevant hereto Defendant Regal Canada acted by and through its agents, servants and/or employees acting within the course and scope of their employment and/or agency and in furtherance of the business purposes of said Defendant.

10.      At all times relevant hereto Defendant Telesteps, Inc. acted by and through its agents, servants and/or employees acting within the course and scope of their employment and/or agency and in furtherance of the business purposes of said Defendant.

11.      At all times relevant hereto, Defendant Regal US did substantial business in Montgomery County, Pennsylvania.

12.      At all times relevant hereto, Defendant Regal Canada did substantial business in Montgomery County, Pennsylvania.

13.      At all times relevant hereto, Defendant Telesteps, Inc. did substantial business in Montgomery County, Pennsylvania.

14.      At all times relevant hereto, Plaintiff was employed as the Sales Manager of Storm Guard Restorations, Inc. (hereinafter "Storm Guard") a company specializing in among other things, residential roofing and siding repairs. As part of his duties, Plaintiff prepared estimates for residential repairs.

15.      On or about May 19, 2016, Storm Guard purchased a Telesteps 1800EP telescoping aluminum extension ladder (hereinafter referred to as the "Subject Ladder") from Amazon.com and provided the same to Plaintiff for use in connection preparing estimates.

16.      The Telesteps 1800EP was advertised by Defendants as a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet.

17.      Type 1A ladders are rated for extra heavy-duty professional use where the total weight on the ladder does not exceed 300 pounds.

- 3 -

18.     On August 16, 2016, Storm Guard directed Plaintiff to estimate a repair project at the premises located at 735 Liberty Road, Collegeville, Montgomery County, PA 19426.

19.     Part of the estimate required Plaintiff to inspect the roof and gutters.

20.     In order to perform the inspection, Plaintiff utilized the Subject Ladder and extended it with the bottom of the ladder on the driveway and the top rung extending beyond the gutter.

21.     As Plaintiff was standing on the Subject Ladder, both side rails suddenly and without warning completely fractured and split causing Plaintiff to fall from the Subject Ladder and strike his head and body on the driveway.

22.     As a direct and proximate result said fall, Plaintiff sustained multiple injuries, some or all of which may be permanent in nature, including but not limited to:

- Traumatic Brain Injury
- Concussion
- Post-Concussion Syndrome-Ongoing
- Fractured Skull
- Fractured Clavicle
- Fractured Ribs (Seven)
- Collapsed Lungs-Bilateral
- Hearing Loss-Right Ear
- Tinnitus -Right Ear
- Loss of Taste – Permanent
- Loss of Smell - Permanent

along with, injuries to the muscles, blood vessels, nerves, tendons, connective tissues, skin, spine and bones, together with a severe shock to his nerves and nervous system.

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

23.     Plaintiff avers that as a direct and proximate result of injuries sustained in the fall, that he has suffered and will continue suffer great pain, mental anguish and inconvenience.

24.     Plaintiff further avers that as a direct and proximate result of injuries sustained in the fall, that he has been disabled and may be permanently disabled as a result of which he has sustained a past loss of income, a future loss of income, and a permanent impairment of his earning capacity, all of which is to his great financial damage and loss.

25.     As a direct and proximate result of injuries sustained in the fall, Plaintiff has been and will in the future be unable to attend to his usual recreational activities and hobbies and he has suffered and continues to suffer the loss of life's everyday enjoyment and pleasures to his great mental distress and overall discomfort.

26.     Solely as a direct and proximate result of injuries sustained in the fall, Plaintiff has and will in the future be obligated to expend various sums of money for medicines and medical attention to treat and cure his injuries, all of which is to his great financial damage and loss.

## COUNT ONE- NEGLIGENCE
## PLAINTIFF vs. REGAL US

27.     Plaintiff incorporates by reference the allegations set forth above as fully as though the same were set forth at length herein.

28     Defendant Regal US owed a duty to the foreseeable and expected users of its Telesteps 1800EP telescoping ladder, including Plaintiff herein, to design, manufacture, test and inspect the Ladder so as to ensure the safe usage of the same.

29.     Defendant Regal US owed a duty to the foreseeable and expected users of its Telesteps 1800EP telescoping ladder, including Plaintiff herein, to provide all required parts and instructions so as to ensure the proper and safe usage use the same.

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

30.   Defendant breached the aforesaid duties and was negligent and careless in the following particulars:

a)  It failed to design, manufacture and distribute a product of sufficient strength to support a load of 300 pounds;

b)  It failed to design, manufacture and distribute a product which could be safely extended with a load of up to 300 pounds;

c)  It failed to provide appropriate warnings on the product regarding proper usage;

d)  It failed to provide appropriate warnings regarding the danger of rail fractures and Ladder collapse;

e)  It failed to provide adequate instructional materials and safety videos with the sales of the Subject Ladder;

f)  It failed to adequately test and inspect the Telesteps 1800EP and Subject Ladder, which inspection and testing would have revealed that it could not be safely extend with a load of up to 300 pounds;

g)  In advertising the Telesteps 1800EP and Subject Ladder as a Type 1A ladder when it knew or reasonably should have known that the Telesteps 1800EP and Subject Ladder could not be safely extended with a load of up to 300 pounds;

h)  It failed to provide a product with a design and construction which adhered to appropriate engineering and safety standards;

i)  In providing a product that failed to adhere to applicable standards for the creation and testing of adequate product warnings;

j)  In failing to adequately warn and notify its foreseeable users, including Plaintiff herein, of the dangerous and defective condition of the Telesteps 1800EP and

- 6 -

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Subject Ladder and its components with respect to the risk of Ladder collapse and fracture of its side rails and resulting traumatic injuries;

k) In failing to provide a product with a caution label that adequately sets forth the specific hazard, to wit rail fractures and Ladder collapse, the probable consequence of involvement with the hazard, and how the hazard can be avoided, as required by ANSI standards; and

l) In failing to provide a warning label in compliance with ANSI safety standards.

31.   As a direct, proximate and foreseeable result of Defendant's negligence as foresaid, Plaintiff sustained the injuries and damages set forth above.

WHEREFORE, Plaintiff Jonathan M. Malcolm demands damages from Defendant Regal Ideas, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), along with interest, damages for delay, and costs as provided by law.

## COUNT TWO- PRODUCTS LIABILITY (STRICT LIABILITY) PLAINTIFF v. REGAL IDEAS US

32.   Plaintiff incorporates by reference the allegations set forth above as fully as though the same were set forth at length herein.

33.   Defendant Regal US is the company that designed, manufactured, marketed, and sold the Subject Ladder that caused severe, permanent and life-altering injuries to Plaintiff.

34.   Defendant Regal US designed, manufactured, marketed, and sold the Subject Ladder in the regular course of businesses.

35.   The Subject Ladder was expected to, and did, reach Plaintiff without material change in its condition.

{01470040;v1 }

36.     At the time Defendant Regal US sold the Subject Ladder, it was in a defective condition because of its unsafe and improper design and construction, inadequate testing, inadequate inspections, and its inadequate instructions and warnings.

37.     The Subject Ladder's defective design, construction and condition, and inadequate warnings were the cause of Plaintiff's injuries and damages as more particularly set forth above.

38.     Defendant Regal US is strictly liable to the Plaintiff for his injuries and damages as more particularly set forth herein.

WHEREFORE, Plaintiff Jonathan M. Malcolm demands damages from Defendant Regal Ideas, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), along with interest, damages for delay, and costs as provided by law.

## COUNT THREE – BREACH OF WARRANTY
## PLAINTIFF v. REGAL IDEAS US

39.     Plaintiff incorporates by reference the allegations set forth above as fully as though the same were set forth at length herein.

40.     At all times relevant hereto, Defendant Regal Ideas, Inc. was a merchant with respect to the design, manufacture, testing, sale and distribution of telescoping aluminum extension ladders, more particularly the Telesteps 1800EP which is the subject of this action.

41.     At all times relevant hereto, Defendant made certain express warranties to the public, and to the Plaintiff herein, through its advertising and promotions that the Subject Ladder would be in a proper and safe condition, upon which warranties and representations Plaintiff relied.

- 8 -

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

42.     At all times relevant hereto, Defendant expressly and impliedly warranted to the public at large, and to the Plaintiff herein, that the Subject Ladder and its component parts and design were of merchantable quality and reasonably fit and suited for the purposes for which it was intended, to wit, a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds , upon which express and implied warranties Plaintiff relied.

43.     At all times relevant hereto, Defendant had reason to know of the particular purposes for which individuals, including Plaintiff herein, would use its Telesteps 1800EP Ladder.

44.     Defendant had reason to know that the public at large, including Plaintiff herein, were relying upon Defendant's skill and judgment to manufacture, design and produce a product free from dangers and defects and Defendant impliedly warranted to Plaintiff herein that the Subject Ladder was fit for the particular purpose for which it was intended, to wit, a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds, upon which implied warranty of fitness for that particular purpose Plaintiff relied.

45.     The Subject Ladder as designed, manufactured, distributed and sold by Defendant was in breach of Defendant's express warranties and implied warranties of merchantability and fitness for a particular purpose in that said Telesteps 1800EP extension ladder was not of such quality as to pass without objection in the trade; was not of fair or average quality; was not fit for the ordinary and particular purposes for which said devices were intended; was not free from dangerous or defective materials and

- 9 -

{01470040;v1 }

workmanship; and the breaches of said warranties proximately caused the Plaintiff's injuries as more particularly set forth above.

WHEREFORE, Plaintiff Jonathan M. Malcolm demands damages from Defendant Regal Ideas, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), along with interest, damages for delay, and costs as provided by law.

## COUNT FOUR- NEGLIGENCE
## PLAINTIFF vs. REGAL IDEAS CANADA

46.     Plaintiff incorporates by reference the allegations set forth above as fully as though the same were set forth at length herein.

47.     Defendant Regal Canada owed a duty to the foreseeable and expected users of its Telesteps 1800EP telescoping ladder, including Plaintiff herein, to design, manufacture, test and inspect the Ladder so as to ensure the safe usage of the same.

48.     Defendant Regal Canada owed a duty to the foreseeable and expected users of its Telesteps 1800EP telescoping ladder, including Plaintiff herein, to provide all required parts and instructions so as to ensure the proper and safe usage use the same.

49.     Defendant breached the aforesaid duties and was negligent and careless in the following particulars:

a) It failed to design, manufacture and distribute a product of sufficient strength to support a load of 300 pounds;

b) It failed to design, manufacture and distribute a product which could be safely extended with a load of up to 300 pounds;

c) It failed to provide appropriate warnings on the product regarding proper usage;

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

- 10 -

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

d)  It failed to provide appropriate warnings regarding the danger of rail fractures and Ladder collapse;

e)  It failed to provide adequate instructional materials and safety videos with the sales of the Subject Ladder;

f)  It failed to adequately test and inspect the Telesteps 1800EP and Subject Ladder, which inspection and testing would have revealed that it could not be safely extend with a load of up to 300 pounds;

g)  In advertising the Telesteps 1800EP and Subject Ladder as a Type 1A ladder when it knew or reasonably should have known that the Telesteps 1800EP and Subject Ladder could not be safely extended with a load of up to 300 pounds;

h)  It failed to provide a product with a design and construction which adhered to appropriate engineering and safety standards;

i)  In providing a product that failed to adhere to applicable standards for the creation and testing of adequate product warnings;

j)  In failing to adequately warn and notify its foreseeable users, including Plaintiff herein, of the dangerous and defective condition of the Telesteps 1800EP and Subject Ladder and its components with respect to the risk of Ladder collapse and fracture of its side rails and resulting traumatic injuries;

k)  In failing to provide a product with a caution label that adequately sets forth the specific hazard, to wit rail fractures and Ladder collapse, the probable consequence of involvement with the hazard, and how the hazard can be avoided, as required by ANSI standards; and

l)  In failing to provide a warning label in compliance with ANSI safety

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

standards.

50.     As a direct, proximate and foreseeable result of Defendant's negligence as foresaid,

Plaintiff sustained the injuries and damages set forth above.

WHEREFORE, Plaintiff Jonathan M. Malcolm demands damages from

Defendant Regal Ideas, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00),

along with interest, damages for delay, and costs as provided by law.

## COUNT FIVE - PRODUCTS LIABILITY (STRICT LIABILITY) PLAINTIFF v. REGAL IDEAS CANADA

51.     Plaintiff incorporates by reference the allegations set forth above as fully as

though the same were set forth at length herein.

52.     Defendant Regal Canada is the company that designed, manufactured, marketed,

and sold the Subject Ladder that caused severe, permanent and life-altering injuries to Plaintiff.

53.     Defendant Regal Canada designed, manufactured, marketed, and sold the Subject

Ladder in the regular course of businesses.

54.     The Subject Ladder was expected to, and did, reach Plaintiff without material

change in its condition.

55.     At the time Defendant Regal Canada sold the Subject Ladder, it was in a defective

condition because of its unsafe and improper design and construction, inadequate testing,

inadequate inspections, and its inadequate instructions and warnings.

56.     The Subject Ladder's defective design, construction and condition, and

inadequate warnings were the cause of Plaintiff's injuries and damages as more particularly set

forth above.

- 12 -

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

57.     Defendant Regal Canada is strictly liable to the Plaintiff for his injuries and damages as more particularly set forth herein.

WHEREFORE, Plaintiff Jonathan M. Malcolm demands damages from Defendant Regal Ideas, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), along with interest, damages for delay, and costs as provided by law.

## COUNT SIX – BREACH OF WARRANTY
## PLAINTIFF v. REGAL IDEAS CANADA

58.     Plaintiff incorporates by reference the allegations set forth above as fully as though the same were set forth at length herein.

59.     At all times relevant hereto, Defendant Regal Ideas, Inc. was a merchant with respect to the design, manufacture, testing, sale and distribution of telescoping aluminum extension ladders, more particularly the Telesteps 1800EP which is the subject of this action.

60.     At all times relevant hereto, Defendant made certain express warranties to the public, and to the Plaintiff herein, through its advertising and promotions that the Subject Ladder would be in a proper and safe condition, upon which warranties and representations Plaintiff relied.

61.     At all times relevant hereto, Defendant expressly and impliedly warranted to the public at large, and to the Plaintiff herein, that the Subject Ladder and its component parts and design were of merchantable quality and reasonably fit and suited for the purposes for which it was intended, to wit, a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds , upon which express and implied warranties Plaintiff relied.

- 13 -

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

62.     At all times relevant hereto, Defendant had reason to know of the particular purposes for which individuals, including Plaintiff herein, would use its Telesteps 1800EP Ladder.

63.     Defendant had reason to know that the public at large, including Plaintiff herein, were relying upon Defendant's skill and judgment to manufacture, design and produce a product free from dangers and defects and Defendant impliedly warranted to Plaintiff herein that the Subject Ladder was fit for the particular purpose for which it was intended, to wit, a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds, upon which implied warranty of fitness for that particular purpose Plaintiff relied.

64.     The Subject Ladder as designed, manufactured, distributed and sold by Defendant was in breach of Defendant's express warranties and implied warranties of merchantability and fitness for a particular purpose in that said Telesteps 1800EP extension ladder was not of such quality as to pass without objection in the trade; was not of fair or average quality; was not fit for the ordinary and particular purposes for which said devices were intended; was not free from dangerous or defective materials and workmanship; and the breaches of said warranties proximately caused the Plaintiff's injuries as more particularly set forth above.

        WHEREFORE, Plaintiff Jonathan M. Malcolm demands damages from Defendant Regal Ideas, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), along with interest, damages for delay, and costs as provided by law.

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT SEVEN- NEGLIGENCE
## PLAINTIFF vs. TELESTESP, INC.

65.    Plaintiff incorporates by reference the allegations set forth above as fully as though the same were set forth at length herein.

66.    Defendant Telesteps owed a duty to the foreseeable and expected users of its Telesteps 1800EP telescoping ladder, including Plaintiff herein, to design, manufacture, test and inspect the Ladder so as to ensure the safe usage of the same.

67.    Defendant Telesteps owed a duty to the foreseeable and expected users of its Telesteps 1800EP telescoping ladder, including Plaintiff herein, to provide all required parts and instructions so as to ensure the proper and safe usage use the same.

68.    Defendant breached the aforesaid duties and was negligent and careless in the following particulars:

    a)   It failed to design, manufacture and distribute a product of sufficient strength to support a load of 300 pounds;

    b)   It failed to design, manufacture and distribute a product which could be safely extended with a load of up to 300 pounds;

    c)   It failed to provide appropriate warnings on the product regarding proper usage;

    d)   It failed to provide appropriate warnings regarding the danger of rail fractures and Ladder collapse;

    e)   It failed to provide adequate instructional materials and safety videos with the sales of the Subject Ladder;

    f)   It failed to adequately test and inspect the Telesteps 1800EP and Subject

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Ladder, which inspection and testing would have revealed that it could not be safely extend with a load of up to 300 pounds;

g) In advertising the Telesteps 1800EP and Subject Ladder as a Type 1A ladder when it knew or reasonably should have known that the Telesteps 1800EP and Subject Ladder could not be safely extended with a load of up to 300 pounds;

h) It failed to provide a product with a design and construction which adhered to appropriate engineering and safety standards;

i) In providing a product that failed to adhere to applicable standards for the creation and testing of adequate product warnings;

j) In failing to adequately warn and notify its foreseeable users, including Plaintiff herein, of the dangerous and defective condition of the Telesteps 1800EP and Subject Ladder and its components with respect to the risk of Ladder collapse and fracture of its side rails and resulting traumatic injuries;

k) In failing to provide a product with a caution label that adequately sets forth the specific hazard, to wit rail fractures and Ladder collapse, the probable consequence of involvement with the hazard, and how the hazard can be avoided, as required by ANSI standards; and

l) In failing to provide a warning label in compliance with ANSI safety standards.

69.    As a direct, proximate and foreseeable result of Defendant's negligence as foresaid, Plaintiff sustained the injuries and damages set forth above.

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

WHEREFORE, Plaintiff Jonathan M. Malcolm demands damages from Defendant Telesteps, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), along with interest, damages for delay, and costs as provided by law.

## COUNT EIGHT - PRODUCTS LIABILITY (STRICT LIABILITY)
## PLAINTIFF v. TELESTESPS, INC.

70.     Plaintiff incorporates by reference the allegations set forth above as fully as though the same were set forth at length herein.

71.     Defendant Telesteps is the company that designed, manufactured, marketed, and sold the Subject Ladder that caused severe, permanent and life-altering injuries to Plaintiff.

72.     Defendant Telesteps designed, manufactured, marketed, and sold the Subject Ladder in the regular course of businesses.

73.     The Subject Ladder was expected to, and did, reach Plaintiff without material change in its condition.

74.     At the time Defendant Telesteps sold the Subject Ladder, it was in a defective condition because of its unsafe and improper design and construction, inadequate testing, inadequate inspections, and its inadequate instructions and warnings.

75.     The Subject Ladder's defective design, construction and condition, and inadequate warnings were the cause of Plaintiff's injuries and damages as more particularly set forth above.

76.     Defendant Telesteps is strictly liable to the Plaintiff for his injuries and damages as more particularly set forth herein.

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

WHEREFORE, Plaintiff Jonathan M. Malcolm demands damages from Defendant Telesteps, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), along with interest, damages for delay, and costs as provided by law.

## COUNT NINE – BREACH OF WARRANTY
## PLAINTIFF v. TELESTESPS, INC.

77.    Plaintiff incorporates by reference the allegations set forth above as fully as though the same were set forth at length herein.

78.    At all times relevant hereto, Defendant Telesteps, Inc. was a merchant with respect to the design, manufacture, testing, sale and distribution of telescoping aluminum extension ladders, more particularly the Telesteps 1800EP which is the subject of this action.

79.    At all times relevant hereto, Defendant made certain express warranties to the public, and to the Plaintiff herein, through its advertising and promotions that the Subject Ladder would be in a proper and safe condition, upon which warranties and representations Plaintiff relied.

80.    At all times relevant hereto, Defendant expressly and impliedly warranted to the public at large, and to the Plaintiff herein, that the Subject Ladder and its component parts and design were of merchantable quality and reasonably fit and suited for the purposes for which it was intended, to wit, a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds , upon which express and implied warranties Plaintiff relied.

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

81.     At all times relevant hereto, Defendant had reason to know of the particular purposes for which individuals, including Plaintiff herein, would use its Telesteps 1800EP Ladder.

82.     Defendant had reason to know that the public at large, including Plaintiff herein, were relying upon Defendant's skill and judgment to manufacture, design and produce a product free from dangers and defects and Defendant impliedly warranted to Plaintiff herein that the Subject Ladder was fit for the particular purpose for which it was intended, to wit, a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds, upon which implied warranty of fitness for that particular purpose Plaintiff relied.

83.     The Subject Ladder as designed, manufactured, distributed and sold by Defendant was in breach of Defendant's express warranties and implied warranties of merchantability and fitness for a particular purpose in that said Telesteps 1800EP extension ladder was not of such quality as to pass without objection in the trade; was not of fair or average quality; was not fit for the ordinary and particular purposes for which said devices were intended; was not free from dangerous or defective materials and workmanship; and the breaches of said warranties proximately caused the Plaintiff's injuries as more particularly set forth above.

WHEREFORE, Plaintiff Jonathan M. Malcolm demands damages from

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendant Telesteps, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), along with interest, damages for delay, and costs as provided by law.

**SEMANOFF ORMSBY**
**GREENBERG & TORCHIA, LLC**

BY: _____
　　　HAROLD SEMANOFF, ESQUIRE
　　　ATTORNEYS FOR PLAINTIFF

DATED:　　August 23, 2018

- 20 -

{01470040;v1 }

Case# 2018-20413-1 Docketed at Montgomery County Prothonotary on 08/23/2018 2:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# V E R I F I C A T I O N

      I the undersigned, JONATHAN M. MALCOLM, do hereby verify that I am the Plaintiff in this matter and I verify that the statements made in the forgoing Pleading are based on information furnished to counsel, and/or information that has been gathered by counsel in the course of this lawsuit.   The language is that of counsel and not of the undersigned.   The undersigned verifies that I have read the Pleading and that the averments or denials of facts contained therein are true and correct based upon information and belief; and that false statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
JONATHAN M. MALCOLM

DATED:_____August 23, 2018_____

{01469006;v1 }

# EXHIBIT B

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**RIKER DANZIG SCHERER HYLAND**
**& PERRETTI, LLP**
**BY:  CHRISTEN L. RAFUSE, ESQ. #316202**
   One Speedwell Avenue, P.O. Box 1981
   Morristown, New Jersey 07962-1981
   crafuse@riker.com
   Phone: (973) 538-0800, FAX: (973) 451-9734

**ATTORNEY FOR DEFENDANTS,**  Regal Ideas, Inc.
(US) and Regal Ideas Inc. (CAN), improperly implead as
Regal Ideas, Inc. d/b/a Telesteps and Telesteps, Inc.

**TO PLAINTIFFS**
YOU ARE HEREBY NOTIFIED TO
FILE A WRITTEN RESPONSE TO
NEW MATTERS WITHIN TWENTY
(20) DAYS FROM THE DATE OF
SERVICE HEREOF, OR AN ORDER
MAY BE ENTERED AGAINST YOU.

_____
CHRISTEN RAFUSE, ESQ.

| | |
|---|---|
| **JONATHAN M. MALCOLM,**<br><br>                 **PLAINTIFF,**<br>**v.**<br><br>**REGAL IDEAS, INC.,  D/B/A**<br>**TELESTEPS; TELESTEPS, INC;**<br>**REGAL IDEAS, INC., D/B/A**<br>**TELESTEPS,**<br><br>             **DEFENDANTS.** | **COURT OF COMMON PLEAS**<br>**OF MONTGOMERY COUNTY,**<br>**PENNSYLVANIA**<br><br>**CIVIL ACTION NO. 2018-20413** |

<u>**ANSWER AND NEW MATTERS OF DEFENDANTS REGAL IDEAS, INC. (US)**</u>
<u>**AND REGAL IDEAS, INC. (CAN) AND TELESTEPS, INC.**</u>

      Defendants Regal Ideas, Inc. (US), and Regal Ideas, Inc. (CAN), improperly implead as

Regal Ideas, Inc. d/b/a Telesteps, and Telesteps, Inc. by and through their undersigned attorneys,

Riker Danzig Scherer Hyland & Perretti, LLP, hereby file their Answer with New Matters to the

above-captioned Complaint, and aver as follows:

      1.     Answering Defendants admit that Plaintiff Jonathan Malcom is an adult

individual residing at 180 Platt Place, Trevose Pennsylvania.

      2.     Defendant Regal Ideas, Inc. (US) denies that it is "d/b/a Telesteps." Defendant

Regal Ideas, Inc. (US) admits that it is a company organized and existing under the laws of the

State of Washington with its principal place of business located at 9320 4th Avenue South,

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Seattle, Washington 98108.

3.　　　Defendant Regal Ideas, Inc. (CAN) denies that it is "d/b/a Telesteps." Defendant Regal Ideas, Inc. (CAN) denies that it is a company organized and existing under the laws of Canada. Defendant Regal Ideas, Inc. (CAN) is a company organized and existing under the law of the Province of British Columbia. Defendant Regal Ideas, Inc. (CAN) admits that its principal place of business is Unit 150-7350 Wilson Avenue, Delta, B.C. V4G 1H3.

4.　　　Telesteps Inc. is dissolved and has no agents, servants or employees and this allegation is denied.

5.　　　Defendant Regal Ideas, Inc. (US) denies that was engaged in the business of designing, manufacturing, marketing and distributing telescopic ladders, including Telesteps 1800EP aluminum ladders. Defendant Regal Ideas, Inc. (US) specifically denies that it designed, manufactured, marketed and distributed the "Ladder" identified in Plaintiff's Complaint.

6.　　　Defendant Regal Ideas, Inc. (CAN) denies that it was engaged in the business of designing and manufacturing telescopic ladders. It admits that it is engaged in the business of marketing and distributing telescopic ladders. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that it marketed and distributed the "Ladder" identified in Plaintiff's Complaint and same is denied.

7.　　　Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied.

8.　　　Defendant Regal Ideas, Inc. (US) admits that it acted by and through its agents, servants and/or employees acting within the course and scope of their employment and/or agency and in furtherance of the business purposes of said Defendant.

2

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee =$0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

9.     Defendant Regal Ideas, Inc. (CAN) admits that it acted by and through its agents, servants and/or employees acting within the course and scope of their employment and/or agency and in furtherance of the business purpose of said Defendant.

10.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied.

11.     Defendant Regal Ideas, Inc. (US) denies that, at all times relevant hereto, it did substantial business in Montgomery County, Pennsylvania.

12.     Defendant Regal Ideas, Inc. (CAN) denies that, at all times relevant hereto, it did substantial business in Montgomery County, Pennsylvania as stated.

13.      Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied.

14.     After reasonable investigation, all Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that, at all times relevant, hereto, Plaintiff was employed as the Sales Manager of Storm Guard Restorations, Inc., a company specializing in, among other things, residential roofing and siding repairs and that, as part of his duties, Plaintiff prepared estimates for residential repairs, and the allegation is denied.

15.     After reasonable investigation, all Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that, on or about May 19, 2016, Storm Guard purchased a Telesteps 1800EP telescoping aluminum extension ladder (referred to in Plaintiff's Complaint as the "Subject Ladder") from Amazon.com and provided the same to Plaintiff for use in connection with preparing estimates, and the allegation is denied.

16.     All Defendants deny the allegation that the Telesteps 1800EP was advertised by

3

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendants as a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet.

17.     All Defendants deny the allegation's characterization of Type 1A ladders as rated for extra heavy-duty professional use where the total weight on the ladder does not exceed 300 pounds, and refer Plaintiff to Type 1A ladders as defined in the applicable ANSI standard.

18.     After reasonable investigation, all Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that, on August 16, 2016, Storm Guard directed Plaintiff to estimate a repair on a project at the premises located at 735 Liberty Road, Collegeville, Montgomery County, PA 19426, and the allegation is denied.

19.     After reasonable investigation, all Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that part of the estimate required Plaintiff to inspect the roof and gutters, and the allegation is denied.

20.     After reasonable investigation, all Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that, in order to perform the inspection, Plaintiff utilized the Subject Ladder and extended it with the bottom of the ladder on the driveway and the top rung beyond the gutter, and the allegation is denied.

21.     All Defendants deny Plaintiff's allegation that, as Plaintiff was standing on the subject ladder, both side rails suddenly and without warning completely fractured and split, causing Plaintiff to fall from the subject ladder and strike his head and body on the driveway.

22.     All Defendants deny that Plaintiff sustained injury in any fall, and deny Plaintiff's allegation that, as a direct and proximate result of said fall, Plaintiff sustained multiple injuries, some or all of which may be permanent in nature, including, but not limited to:

- Traumatic Brain Injury

- Concussion

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

- Post-concussion Syndrome-Ongoing

- Fractured Skull

- Fractured Clavicle

- Fractured Ribs (Seven)

- Collapsed Lungs-Bilateral

- Hearing Loss-Right Ear

- Tinnitus-Right Ear

- Loss of Taste-Permanent

- Loss of Smell-Permanent

along with injuries to the muscles, blood vessels, nerves, tendons, connective tissues, skin, spine and bones, together with a severe shock to his nerves and nervous system, and deny the nature and extent of the alleged losses due to the alleged injuries..

23.    All Defendants deny that Plaintiff sustained injury in any fall, and deny Plaintiff's allegation that, as a direct and proximate result of injuries sustained in  any fall, Plaintiff has suffered and will continue to suffer great pain, mental anguish, and inconvenience.

24.    All Defendants deny that Plaintiff sustained injury in any fall, and deny that as a direct and proximate result of injuries sustained in any fall, that Plaintiff has been disabled and may be permanently disabled as a result of which he has sustained a past loss of income, a future loss of income, and a permanent impairment of his earning capacity, all of which is to his great financial damage and loss.

25.    All Defendants  deny that Plaintiff sustained injury in any fall, and deny that, as a direct and proximate result of injuries sustained in any fall, Plaintiff has been and will in the future be unable to attend to his usual recreational activities and hobbies and he has suffered and

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

continues to suffer the loss of life's everyday enjoyment and pleasures to his great mental distress and overall discomfort.

26.     All Defendants deny that Plaintiff sustained injury in any fall, and deny that, solely as a direct and proximate result of injuries sustained in the any fall, Plaintiff has and will in the future be obligated to expend various sums of money for medicines and medical treatment to treat and cure his injuries, all of which is to his great financial damage and loss.

### COUNT ONE – NEGLIGENCE
### PLAINTIFF vs. REGAL IDEAS, INC. (US)

27.     All Defendants repeat and reaver their answers to paragraphs 1-26 as their response to paragraph 27 as if fully set forth herein.

28.     In response to the purported allegation set forth in Paragraph 28 of Plaintiff's Complaint that Regal Ideas, Inc. (US)("RII US") owed a duty to the foreseeable and expected users of its Telesteps 1800EP telescoping ladder, including Plaintiff herein, to design, manufacture, test and inspect Ladder so as to ensure the safe usage of same, Answering Defendant RII US states that the allegation constitutes a conclusion of law to which no response is required under the applicable Rules of Civil Procedure and said allegation is, therefore, denied.

29.     In response to the purported allegation set forth in Paragraph 29 of Plaintiff's Complaint that Regal Ideas, Inc. (US) owed a duty to the foreseeable and expected users of the Telesteps 1800EP telescoping ladder, including Plaintiff herein, to provide all required parts and instructions so as to ensure the proper and safe usage of same, Answering Defendant RII US states that the allegation constitutes a conclusion of law to which no response is required under the applicable Rules of Civil Procedure and said allegation is, therefore, denied.

30.     Answering Defendant RII US denies that it breached the aforesaid duties and was negligent and careless. Specifically:

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

a)   Answering Defendant RII US denies that it failed to design, manufacture and distribute a product of sufficient strength to support a load of 300 pounds;

b)   Answering Defendant RII US denies that it failed to design, manufacture and distribute a product which could be safely extended with a load of up to 300 pounds;

c)   Answering Defendant RII US denies that it failed to provide appropriate warnings on the product regarding proper usage;

d)   Answering Defendant RII US denies that it failed to provide appropriate warnings regarding the danger of rail fractures and ladder collapse;

e)   Answering Defendant RII US denies that it failed to provide adequate instructional materials and safety videos with the sales of the subject ladder;

f)   Answering Defendant RII US denies that it failed to adequately test and inspect the Telesteps 1800EP and subject ladder, which inspection and testing would have revealed that it could not be safely extended with a load of up to 300 pounds;

g)   Answering Defendant RII US denies that it advertised the Telesteps 1800EP and subject ladder as a Type 1A ladder when it knew or reasonably should have known that the Telesteps 180EP and subject ladder could not be safely extended with a load of up to 300 pounds;

h)   Answering Defendant RII US denies that it failed to provide a product with a design and construction which adhered to appropriate engineering

7

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

and safety standards;

i)     Answering Defendant RII US denies that it failed to provide a product with a design and construction which adhered to appropriate engineering and safety standards;

i)     Answering Defendant RII US denies that it provided a product that failed to adhere to applicable standards for the creation and testing of adequate product warnings;

j)     Answering Defendant RII US denies that it failed to adequately warn and notify its foreseeable users, including Plaintiff herein, of the dangerous and defective condition of the Telesteps 1800EP and subject ladder and its components with respect to the risk of ladder collapse and fracture of its side rails and resulting traumatic injuries;

k)     Answering Defendant RII S denies that it failed to provide a product with a caution label that adequately sets for the specific hazard, to wit, rail fractures and ladder collapse, the probable consequence of involvement with the hazard, and how the hazard can be avoided as required by ANSI standards; and

l)     Answering Defendant RII US denies that it failed to provide a warning label in compliance with ANSI safety standards.

31.     Answering Defendant RII US denies that, as a direct, proximate and foreseeable result of Defendant's negligence as foresaid, Plaintiff sustained the injuries and damages set forth above.

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

WHEREFORE, All Defendants deny that Plaintiff is entitled to damages and move for judgment in their favor.

## COUNT TWO –PRODUCTS LIABILITY (STRICT LIABILITY)
## PLAINTIFF v. REGAL IDEAS, INC. (US)

32.     All Defendants repeat and reaver their answers to paragraphs 1-31 as their responses to paragraph 32 as if fully set forth herein.

33.     Defendant Regal Ideas, Inc. (US) denies that it designed, manufactured, marketed and sold the subject ladder that caused severe, permanent and life-altering injuries to Plaintiff.

34.     Defendant Regal Ideas, Inc. (US) denies that it designed, manufactured, marketed and sold the subject ladder in the regular course of business.

35.     Defendant Regal Ideas, Inc. (US) denies that it sold the subject ladder and specifically denies that the subject ladder was expected to, and did, reach the Plaintiff without material change in its condition.

36.     Defendant Regal Ideas, Inc. (US) denies that it designed, constructed, warned, tested or inspected ladders. Answering Defendant specifically denies that, at the time the ladder was sold, it was in a defective condition because of its unsafe and improper design and construction, inadequate testing, inadequate inspections and its inadequate instructions and warnings.

37.     Answering Defendant RII US denies that the subject ladder's defective design, construction and condition, and inadequate warnings were the cause of Plaintiff's injuries and damages as more particularly set forth above.

38.     Answering Defendant RII US denies that it is strictly liable to the Plaintiff for his injuries and damages as more particularly set forth herein.

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee =$0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

WHEREFORE, All Defendants deny that Plaintiff is entitled to damages and move for judgment in their favor.

## COUNT THREE-BREACH OF WARRANTY
## PLAINTIFF v. REGAL IDEAS, INC. (US)

39.     All Defendants repeat and reaver their answers to paragraphs 1-38 as their response to paragraph 39 as if fully set forth herein.

40.     Defendant Regal Ideas, Inc. (US) denies that it was a merchant with respect to the design, manufacture, testing, sale and distribution of telescoping aluminum ladders. Answering Defendant specifically denies that, at all times relevant hereto, it was a merchant with respect to the design, manufacture, testing, sale and distribution of the telescoping aluminum extension ladder which is the subject of this action.

41.     Defendant Regal Ideas, Inc. (US) denies that it made certain express warranties to the public, and to the Plaintiff herein, through any advertising or promotions that the subject ladder would be in a proper and safe condition, upon which warranties and representations Plaintiff relied.

42.     Defendant Regal Ideas, Inc. (US) denies that it expressly and impliedly warranted to the public at large, and to the Plaintiff herein, that the subject ladder and its component parts and design were of merchantable quality and reasonably fit and suited for the purposes for which it was intended, to wit, a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds, upon which express and implied warranties Plaintiff relied.

43.     Regal Ideas, Inc. (US) denies that, at all times relevant hereto, Defendant had reason to know of the particular purposes for which individuals, including Plaintiff herein, would use its Telesteps 1800EP Ladder.

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

44.     Regal Ideas, Inc. (US) denies that it manufactured, designed and produced any product. Defendant specifically denies that it had reason to know that the public at large, including Plaintiff herein, were relying upon Defendant's skill and judgment to manufacture, design and produce a product free from dangers and defects and Defendant impliedly warranted to Plaintiff herein that the subject ladder was fit for the particular purpose for which it was intended, to wit, a Type 1A Professional Telescope Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds, upon which implied warranty of fitness for that particular purpose Plaintiff relied.

45.     Regal Ideas, Inc. (US) denies that the subject ladder was designed, manufactured, distributed and sold by it. Answering Defendant RII US specifically denies that the subject ladder as designed, manufactured, distributed and sold by Defendant was in breach of Defendant's express warranties and implied warranties of merchantability and fitness for a particular purpose in that said Telesteps 1800EP extension ladder was not of such quality as to pass without objection in the trade; was not of fair or average quality; was not fit for the ordinary and particular purposes for which said devices were intended; was not free from dangerous or defective materials and workmanship; and the breaches of said warranties proximately caused the Plaintiff's injuries as more particularly set forth above.

WHEREFORE, All Defendants deny that Plaintiff is entitled to damages and move for judgment in their favor.

## COUNT FOUR- NEGLIGENCE
## PLAINTIFF v. REGAL IDEAS, INC. (CAN)

**Objection. Regal Ideas, Inc. (CAN) is not within the jurisdiction of the Court. Without conceding jurisdiction, the Defendant responds to the Complaint.**

46.     All Defendants repeat and reaver their answers to paragraphs 1-45 as their

11

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

response to paragraph 46 as if fully set forth herein.

47.    In response to the purported allegation set forth in Paragraph 47 of Plaintiff's Complaint that Regal Ideas, Inc. (CAN)("RII CAN") owed a duty to the foreseeable and expected users of its Telesteps 1800EP telescoping ladder, including Plaintiff herein, to design, manufacture, test and inspect Ladder so as to ensure the safe usage of same, Answering Defendant RII CAN states that the allegation constitutes a conclusion of law to which no response is required under the applicable Rules of Civil Procedure and said allegation is, therefore, denied.

48.    In response to the purported allegation set forth in Paragraph 48 of Plaintiff's Complaint that Regal Ideas, Inc. (CAN) owed a duty to the foreseeable and expected users of the Telesteps 1800EP telescoping ladder, including Plaintiff herein, to provide all required parts and instructions so as to ensure the proper and safe usage of same,  Answering Defendant RII CAN states that the allegation constitutes a conclusion of law to which no response is required under the applicable Rules of Civil Procedure and said allegation is, therefore, denied.

49.    Regal Ideas, Inc. (CAN) denies that it breached the aforesaid duties and was negligent and careless. Specifically:

a)    Answering Defendant RII CAN denies that it failed to design, manufacture and distribute a product of sufficient strength to support a load of 300 pounds;

b)    Answering Defendant RII CAN denies that it failed to design, manufacture and distribute a product which could be safely extended with a load of up to 300 pounds;

c)    Answering Defendant RII CAN denies that it failed to provide appropriate

12

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

warnings on the product regarding proper usage;

d)    Answering Defendant RII CAN denies that it failed to provide appropriate warnings regarding the danger of rail fractures and ladder collapse;

e)    Answering Defendant RII CAN denies that it failed to provide adequate instructional materials and safety videos with the sales of the subject ladder;

f)    Answering Defendant RII CAN denies that it failed to adequately test and inspect the Telesteps 1800EP and subject ladder, which inspection and testing would have revealed that it could not be safely extended with a load of up to 300 pounds;

g)    Answering Defendant RII CAN denies that it advertised the Telesteps 1800EP and Subject Ladder as a Type 1A ladder when it knew or reasonably should have known that the Telesteps 180EP and subject ladder could not be safely extended with a load of up to 300 pounds;

h)    Answering Defendant RII CAN denies that it failed to provide a product with a design and construction which adhered to appropriate engineering and safety standards;

i)    Answering Defendant RII CAN denies that it failed to provide a product with a design and construction which adhered to appropriate engineering and safety standards;

i)    Answering Defendant RII CAN denies that it provided a product that failed to adhere to applicable standards for the creation and testing of adequate product warnings;

13

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

j)    Answering RII CAN Defendant denies that it failed to adequately warn and notify its foreseeable users, including Plaintiff herein, of the dangerous and defective condition of the Telesteps 1800EP and subject ladder and its components with respect to the risk of ladder collapse and fracture of its side rails and resulting traumatic injuries;

k)    Answering Defendant RII CAN denies that it failed to provide a product with a caution label that adequately sets for the specific hazard, to wit, rail fractures and ladder collapse, the probable consequence of involvement with the hazard, and how the hazard can be avoided as required by ANSI standards; and

l)    Answering Defendant RII CAN denies that it failed to provide a warning label in compliance with ANSI safety standards.

50.    Answering Defendant RII CAN denies that, as a direct, proximate and foreseeable result of Defendant's negligence as foresaid, Plaintiff sustained the injuries and damages set forth above.

WHEREFORE, All Defendants deny that Plaintiff is entitled to damages and move for judgment in their favor.

### COUNT FIVE –PRODUCTS LIABILITY (STRICT LIABILITY) PLAINTIFF v. REGAL IDEAS, INC. (CAN)

**Objection. Regal Ideas, Inc. (CAN) is not within the jurisdiction of the Court. Without conceding jurisdiction, the Defendant responds to the Complaint.**

51.    All Defendants repeat and reaver their answers to paragraphs 1-50 as their response to paragraph 51 as if fully set forth herein.

52.    Regal Ideas, Inc. (CAN) denies that it designed and manufactured ladders and

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

specifically denies that it designed and manufactured the subject ladder in the regular course of business. Answering Defendant has no knowledge of the sale of the subject ladder and therefore denies that Defendant Regal Ideas, Inc. (CAN) is the company that marketed and sold the subject ladder that caused severe, permanent and life-altering injuries to Plaintiff.

53.     Regal Ideas, Inc. (CAN) denies that it designed and manufactured ladders and specifically denies that it designed and manufactured the subject ladder in the regular course of business. Answering Defendant has no knowledge of the sale of the subject ladder and therefore denies that Defendant Regal Ideas, Inc. (CAN)  marketed and sold the subject ladder in the regular course of business.

54.     Answering Defendant has no knowledge of the sale of the subject ladder and therefore denies that the subject ladder was expected to, and did, reach the Plaintiff without material change in its condition.

55.     Regal Ideas, Inc. (CAN) denies that it designs, constructs and tests ladders. Further, Answering Defendant has no knowledge of the sale of the subject ladder and therefore denies that the subject ladder was sold by it. Answering Defendant additionally denies that, at the time the ladder was sold, it was in a defective condition because of its unsafe and improper design and construction, inadequate testing, inadequate inspections and its inadequate instructions and warnings.

56.     Regal Ideas, Inc. (CAN) denies that it designs and constructs ladders. Further, Answering Defendant denies that the subject ladder's defective design, construction and condition, and inadequate warnings were the cause of Plaintiff's injuries and damages as more particularly set forth above.

57.     Answering Defendant RII CAN denies that it is strictly liable to the Plaintiff for

15

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

his injuries and damages as more particularly set forth herein.

WHEREFORE, All Defendants deny that Plaintiff is entitled to damages and move for judgment in their favor.

## COUNT SIX-BREACH OF WARRANTY
## PLAINTIFF v. REGAL IDEAS, INC. (CAN)

**Objection. Regal Ideas, Inc. (CAN) is not within the jurisdiction of the Court. Without conceding jurisdiction, the Defendant responds to the Complaint.**

58.    All Defendants repeat and reaver their answers to paragraphs 1-57 as their response to paragraph 38 as if fully set forth herein.

59.    Defendant Regal Ideas, Inc. (CAN) denies that it was a merchant with respect to the design, manufacture, and testing of aluminum extension ladders, including the Telesteps 1800EP. Answering Defendant RII CAN admits that it sells and distributes ladders, including the Telesteps 1800EP. After reasonable investigation, Answering Defendant RII CAN is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that, at all times relevant hereto, it was a merchant with respect to the sale and distribution of the telescoping aluminum extension ladder which is the subject of this action and the allegation is denied.

60.    Answering Defendant RII CAN denies that, at all times relevant thereto, Defendant made certain express warranties to the public, and to the Plaintiff herein, through its advertising and promotions that the subject ladder would be in a proper and safe condition, upon which warranties and representations Plaintiff relied.

61.    Answering Defendant RII CAN denies that, at all times relevant hereto, Defendant expressly and impliedly warranted to the public at large, and to the Plaintiff herein, that the subject ladder and its component parts and design were of merchantable quality and

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee =$0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

reasonably fit and suited for the purposes for which it was intended, to wit, a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds, upon which express and implied warranties Plaintiff relied.

62.     Answering Defendant RII CAN denies that, at all times relevant hereto, Defendant had reason to know of the particular purposes for which individuals, including Plaintiff herein, would use its Telesteps 1800EP Ladder.

63.     Defendant Regal Ideas, Inc. (CAN) denies that it manufactures, designs and produces ladders.  Answering Defendant denies that it had reason to know that the public at large, including Plaintiff herein, were relying upon Defendant's skill and judgment to manufacture, design and produce a product free from dangers and defects and Defendant impliedly warranted to Plaintiff herein that the subject ladder was fit for the particular purpose for which it was intended, to wit, a Type 1A Professional Telescope Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds, upon which implied warranty of fitness for that particular purpose Plaintiff relied.

64.     Defendant Regal Ideas, Inc. (CAN) denies that it designs and manufactures ladders. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that it distributed and sold the subject ladder and such allegation is denied. Answering Defendant denies that the subject ladder as designed, manufactured, distributed and sold was in breach of express warranties and implied warranties of merchantability and fitness for a particular purpose in that said Telesteps 1800EP extension ladder was not of such quality as to pass without objection in the trade; was not of fair or average quality; was not fit for the ordinary and particular purposes

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

for which said devices were intended; was not free from dangerous or defective materials and workmanship; and the breaches of said warranties proximately caused the Plaintiff's injuries as more particularly set forth above.

WHEREFORE, All Defendants deny that Plaintiff is entitled to damages and move for judgment in their favor.

**COUNT SEVEN- NEGLIGENCE**
**PLAINTIFF v. TELESTEPS, INC.**

65.     All Defendants repeat and reaver their answers to paragraphs 1-64 as their response to paragraph 65 as if fully set forth herein.

66.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegation set forth in Paragraph 66 of Plaintiff's Complaint that Telesteps, Inc. owed a duty to the foreseeable and expected users of the Telesteps 1800EP telescoping ladder, including Plaintiff herein, to design, manufacture, test and inspect Ladder so as to ensure the safe usage of same, Answering Defendant Telesteps, Inc. states that the allegation constitutes a conclusion of law to which no response is required under the applicable Rules of Civil Procedure and said allegation is, therefore, denied.

67.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegation set forth in Paragraph 67 of Plaintiff's Complaint that Telesteps, Inc. owed a duty to the foreseeable and expected users of the Telesteps 1800EP telescoping ladder, including Plaintiff herein, to provide all required parts and instructions so as to ensure the proper and safe usage of same,  Answering Defendant Telesteps, Inc. states that the allegation constitutes a conclusion of law to which no response is required under the applicable Rules of Civil Procedure and said allegation is,

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

therefore, denied.

68.    Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegation set forth in Paragraph 68 of Plaintiff's Complaint, Telesteps, Inc. denies that it breached the aforesaid duties and was negligent and careless. Specifically:

a)    Answering Defendant Telesteps, Inc. denies that it failed to design, manufacture and distribute a product of sufficient strength to support a load of 300 pounds;

b)    Answering Defendant Telesteps, Inc. denies that it failed to design, manufacture and distribute a product which could be safely extended with a load of up to 300 pounds;

c)    Answering Defendant Telesteps, Inc. denies that it failed to provide appropriate warnings on the product regarding proper usage;

d)    Answering Defendant Telesteps, Inc. denies that it failed to provide appropriate warnings regarding the danger of rail fractures and ladder collapse;

e)    Answering Defendant Telesteps, Inc. denies that it failed to provide adequate instructional materials and safety videos with the sales of the subject ladder;

f)    Answering Defendant Telesteps, Inc. denies that it failed to adequately test and inspect the Telesteps 1800EP and subject ladder, which inspection and testing would have revealed that it could not be safely extended with a load of up to 300 pounds;

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

g)     Answering Defendant Telesteps, Inc. denies that it advertised the Telesteps 1800EP and Subject Ladder as a Type 1A ladder when it knew or reasonably should have known that the Telesteps 180EP and subject ladder could not be safely extended with a load of up to 300 pounds;

h)     Answering Defendant Telesteps, Inc. denies that it failed to provide a product with a design and construction which adhered to appropriate engineering and safety standards;

i)     Answering Defendant Telesteps, Inc. denies that it failed to provide a product with a design and construction which adhered to appropriate engineering and safety standards;

i)     Answering Defendant Telesteps, Inc. denies that it provided a product that failed to adhere to applicable standards for the creation and testing of adequate product warnings;

j)     Answering Defendant Telesteps, Inc. denies that it failed to adequately warn and notify its foreseeable users, including Plaintiff herein, of the dangerous and defective condition of the Telesteps 1800EP and subject ladder and its components with respect to the risk of ladder collapse and fracture of its side rails and resulting traumatic injuries;

k)     Answering Defendant Telesteps, Inc. denies that it failed to provide a product with a caution label that adequately sets for the specific hazard, to wit, rail fractures and ladder collapse, the probable consequence of involvement with the hazard, and how the hazard can be avoided as required by ANSI standards; and

20

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

l)      Answering Defendant Telesteps, Inc. denies that it failed to provide a warning label in compliance with ANSI safety standards.

69.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegation set forth in Paragraph 69 of Plaintiff's Complaint, Answering Defendant Telesteps, Inc. denies that, as a direct, proximate and foreseeable result of Defendant's negligence as foresaid, Plaintiff sustained the injuries and damages set forth above.

WHEREFORE, All Defendants deny that Plaintiff is entitled to damages and move for judgment in their favor.

## COUNT EIGHT –PRODUCTS LIABILITY (STRICT LIABILITY)
## PLAINTIFF v. TELESTEPS, INC.

70.     All Defendants repeat and reaver their answers to paragraphs 1-69 as their response to paragraph 70 as if fully set forth herein.

71.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegation set forth in Paragraph 71 of Plaintiff's Complaint, Telesteps, Inc. denies that it designs and manufactures ladders and specifically denies that it designed and manufactured the subject ladder in the regular course of business. Answering Defendant denies that Defendant Telesteps, Inc. is the company that marketed and sold the subject ladder that caused severe, permanent and life-altering injuries to Plaintiff.

72.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegation set forth in Paragraph 72 of Plaintiff's Complaint, Telesteps, Inc. denies that it designs and manufactures ladders and specifically denies that it designed and manufactured the subject ladder in the regular

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

course of business. Telesteps, Inc. denies that it marketed and sold the subject ladder in the regular course of business.

73.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegations set forth in Paragraph 73 of Plaintiff's Complaint, Telesteps, Inc. has no knowledge of the sale of the subject ladder and therefore denies that the subject ladder was expected to, and did, reach the Plaintiff without material change in its condition.

74.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegations set forth in Paragraph 74 of Plaintiff's Complaint, Telesteps, Inc. denies that it designs, constructs and tests ladders. Further, Answering Defendant Telesteps, Inc. has no knowledge of the sale of the subject ladder and therefore denies that the subject ladder was sold by it. Telesteps, Inc. additionally denies that, at the time the ladder was sold, it was in a defective condition because of its unsafe and improper design and construction, inadequate testing, inadequate inspections and its inadequate instructions and warnings.

75.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegations of Paragraph 75 of Plaintiff's Complaint, Telesteps, Inc. denies that it designs and constructs ladders. Further, Answering Defendant Telesteps, Inc. denies that the subject ladder's defective design, construction and condition, and inadequate warnings were the cause of Plaintiff's injuries and damages as more particularly set forth above.

76.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegations of

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Paragraph 76 of Plaintiff's Complaint, Answering Defendant Telesteps, Inc. denies that it is strictly liable to the Plaintiff for his injuries and damages as more particularly set forth herein.

WHEREFORE, All Defendants deny that Plaintiff is entitled to damages and move for judgment in their favor.

### COUNT NINE-BREACH OF WARRANTY
### PLAINTIFF v. TELESTEPS, INC.

77.     All Defendants repeat and reaver their answers to paragraphs 1-76 as their response to paragraph 77 as if fully set forth herein.

78.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in further response to the purported allegations of Paragraph 78 of Plaintiff's Complaint, Telesteps, Inc. denies that it is a merchant with respect to the design, manufacture, and testing of aluminum extension ladders, including the Telesteps 1800EP. Telesteps, Inc. denies that it sells and distributes ladders, including the Telesteps 1800EP.  Telesteps, Inc. denies that it is a merchant with respect to the sale and distribution of the telescoping aluminum extension ladder which is the subject of this action and the allegation is denied.

79.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in response to the purported allegations of Paragraph 79 of Plaintiff's Complaint, Answering Defendant Telesteps, Inc. denies that, at all times relevant thereto, Answering Defendant Telesteps, Inc. made certain express warranties to the public, and to the Plaintiff herein, through its advertising and promotions that the subject ladder would be in a proper and safe condition, upon which warranties and representations Plaintiff relied.

80.     Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in response to the purported allegations of Paragraph 80 of

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Plaintiff's Complaint, Answering Defendant Telesteps, Inc. denies that, at all times relevant hereto, it expressly and impliedly warranted to the public at large, and to the Plaintiff herein, that the subject ladder and its component parts and design were of merchantable quality and reasonably fit and suited for the purposes for which it was intended, to wit, a Type 1A Professional Telescopic Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds, upon which express and implied warranties Plaintiff relied.

81.   Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in response to the purported allegations set forth in Paragraph 81 of Plaintiff's Complaint, Answering Defendant Telesteps, Inc. denies that, at all times relevant hereto, it had reason to know of the particular purposes for which individuals, including Plaintiff herein, would use its Telesteps 1800EP Ladder.

82.   Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in response to the purported allegations set forth in Paragraph 82 of Plaintiff's Complaint, Defendant Telesteps, Inc. denies that it manufactures, designs and produces ladders.  Answering Defendant Telesteps, Inc. denies that it had reason to know that the public at large, including Plaintiff herein, were relying upon Defendant's skill and judgment to manufacture, design and produce a product free from dangers and defects and Defendant impliedly warranted to Plaintiff herein that the subject ladder was fit for the particular purpose for which it was intended, to wit, a Type 1A Professional Telescope Ladder capable of extending 14.5 feet, and rated for extra heavy-duty professional use with a load capacity of 300 pounds, upon which implied warranty of fitness for that particular purpose Plaintiff relied.

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

83.    Telesteps, Inc. is dissolved and has no agents, servants or employees and this allegation is denied. Without waiver, in response to the purported allegations set forth in Paragraph 83 of Plaintiff's Complaint, Defendant Telesteps, Inc. denies that it designs and manufactures ladders. After reasonable investigation, Telesteps, Inc. denies that it distributed and sold the subject ladder. Answering Defendant Telesteps, Inc. denies that the subject ladder as designed, manufactured, distributed and sold was in breach of express warranties and implied warranties of merchantability and fitness for a particular purpose in that said Telesteps 1800EP extension ladder was not of such quality as to pass without objection in the trade; was not of fair or average quality; was not fit for the ordinary and particular purposes for which said devices were intended; was not free from dangerous or defective materials and workmanship; and the breaches of said warranties proximately caused the Plaintiff's injuries as more particularly set forth above.

WHEREFORE, All Defendants deny that Plaintiff is entitled to damages and move for judgment in their favor.

## NEW MATTERS

84.    All Defendants incorporate by reference their responses to the preceding paragraphs above as though fully set forth herein at length.

85.    Plaintiff's Complaint is barred by the doctrines of laches, estoppel and waiver.

86.    The Defendants did not owe the duty to Plaintiff as stated in Plaintiff's Complaint.

87.    Any act or omission of the Defendants was not the proximate cause of any damages.

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

88.     No act or omission by the Defendants was a substantial factor in causing any damages.

89.     Any act or omission of the Defendants was rendered moot by an intervening or superseding cause.

90.     Any damages sustained were the result of an act or omission by third-persons over whom the Defendants have no control.

91.     Any damages sustained were the result of an Act of God.

92.     The subject ladder was not designed, assembled, manufactured and/or sold by the Defendants.

93.     The subject ladder was designed to the state of the art.

94.     The subject ladder was substantially altered, modified or changed after it left the hands of the Defendants which subsequent alteration, modification or change proximately caused or contributed to any damages sustained.

95.     Misuse of the ladder by Plaintiff and/or others proximately caused or contributed to any damages sustained.

96.     Plaintiff assumed the risk of any injury or harm.

97.     Plaintiff's claims are barred by contributory and/or comparative negligence and Defendants hereby incorporate by reference as if set forth fully herein all applicable provisions of the Pennsylvania Comparative Negligence Act.

98.     Plaintiff failed to take proper steps to insure his own safety.

99.     The sole cause of the accident was the negligence, carelessness and failure to exercise proper regard for safety by Plaintiff.

26

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

100.    The collateral source rule does not apply, such that if Plaintiff should be awarded money damages by a jury, such possibility being specifically denied, then the amount of such damages must be reduced by the total amount of payments received by Plaintiff from any and all collateral sources for any of the damages claimed.

101.    Defendants did not breach any warranties.

102.    Plaintiff lacks standing to assert a breach of any warranty.

103.    Plaintiff decedent did not rely on any warranties to the extent that same were given.

104.    Defendants reserve the right to amend their Answer and/or assert additional New Matter upon revelation of more definite facts by Plaintiff in completion of further discovery.

**WHEREFORE,** All Defendants demand judgment dismissing Plaintiff's Complaint, together with costs of suit and counsel fees.

**RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**

By:    /s/ Christen L. Rafuse
       Christen L. Rafuse, Esq.
       ID No. 316202
       Counsel for Defendants Regal Ideas, Inc. (US), Regal Ideas, Inc. (CAN), improperly implead as Regal Ideas, Inc., d/b/a Telesteps, and Telesteps, Inc.

Dated:  December 14, 2018

Case# 2018-20413-11 Docketed at Montgomery County Prothonotary on 12/14/2018 1:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I hereby state that I am a representative of Defendants Regal Ideas, Inc. (US), and Regal Ideas, Inc. (CAN) and Telesteps, Inc. and verify that the attached Answer with New Matters is based upon information which I have furnished to counsel and information which has been gathered by counsel in preparation for the defense of this lawsuit. The language is counsel's, not mine. I have read the foregoing and to the extent it is based upon information provided by me to counsel, verify pursuant to 18 Pa. C.S.A. §4904 that the statements are true and correct to the best of my knowledge, information and belief.

Dated:   December 14, 2018

# EXHIBIT C

# SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC
## ATTORNEYS AT LAW

**HAROLD SEMANOFF**
**CHARLES W. ORMSBY, JR.**
**HOWARD N. GREENBERG**
**MICHAEL J. TORCHIA+**
**PETER J. SMITH**
**MICHAEL B. DUBIN+**
**BRIAN R. PRICE^***
**STEPHEN C. GOLDBLUM**
**CATHERINE A. MARRIOTT+**
**ALEXIS D. ISZTWAN°**
**WILLIAM J. MAFFUCCI**
**JULES S. HENSHELL**
**JULIA RICHIE SAMMIN**

**2617 HUNTINGDON PIKE**
**HUNTINGDON VALLEY, PA 19006**

**TELEPHONE: (215) 887-0200**
**FAX: 1-215-689-4171**
**VOICE MAIL: 1105**

hsemanoff@sogtlaw.com

**FRANK P. SPADA, JR. +**
**ASHLEIGH M. MORALES+**
**MARY JO BAUM**
**JOHN T. ORT***
**JILL M. BELLAK^^**
**JOCELIN A. PRICE**
**JOHN M. HICKEY**
**JOSEPH W. FLUEHR+**
**LISA A. SHEARMAN+****
**JEFFERY DiAMICO +**
**WILLIAM J. STEIN +**
**NED E. BARLAS**
**ALISSA B. GORMAN+***

+ ALSO ADMITTED IN NEW JERSEY
° ALSO ADMITTED IN NEW YORK
^ ALSO ADMITTED IN VIRGINIA
^^ALSO ADMITTED IN FLORIDA
** LL.M

OF COUNSEL

**FREDERICK M. SAVADOVE***

December 13, 2018

Christen L. Rafuse, Esquire
Riker Danzig Scherer Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Avenue
P.O. Box 1981
Morristown, NJ  07962-1981

> Re:   Malcolm vs. Regal Ideas, Inc & Telesteps, Inc.
> Montgomery County C.C.P., No. 2018-20413
> SOGT File No.:  24540

Dear Ms. Rafuse:

Enclosed please find Plaintiff's Answers to Defendants' Request for Admissions.

Very Truly yours,

HAROLD SEMANOFF

HS:lmh
Enclosures



*SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC*
BY:  HAROLD SEMANOFF, ESQUIRE
Identification No.  25366
2617 Huntingdon Pike
Huntingdon Valley, PA  19006
(215) 887-0200

ATTORNEYS FOR PLAINTIFF
COURT OF COMMON PLEAS
MONTGOMERY COUNTY

|  |  |
|---|---|
| Jonathan M. Malcolm | : |
| Plaintiff | : |
| vs. | : |
| Regal Ideas, Inc. | : |
| d/b/a Telesteps | : |
| and | : |
| Telesteps, Inc. | : |
| and | : |
| Regal Ideas, Inc. | : |
| d/b/a Telesteps | : |
| Defendants | : |

NO.  2018-20413

JURY TRIAL DEMANDED

## PLAINTIFF'S ANSWER TO DEFENDANTS'
## <u>REQUESTS FOR ADMISSION</u>

Plaintiff Jonathan M. Malcolm by and through his undersigned counsel, Semanoff Ormsby Greenberg & Torchia, *LLC,* hereby replies to Defendants' Request for Admissions as follows:

1.      Denied.  It is specifically denied that the amount in controversy does not exceed $75,000.  Plaintiff's injuries as set forth in his Complaint along with the Workers Compensation Lien are reasonably believed to be in excess of that amount.

2.      Denied.  It is specifically denied that the total damages sought in this cause of action do not exceed $75,000.  Plaintiff's injuries as set forth in his Complaint along with the Workers Compensation Lien are reasonably believed to be in excess of that amount.

3.    Denied.   Upon information and belief, Plaintiff's injuries as set forth in his Complaint along with the Workers Compensation Lien, are reasonably believed to be in excess of $75,000, and therefore, Plaintiff would not accept less than $75,000 in settlement of his claims.

**SEMANOFF ORMSBY**
**GREENBERG & TORCHIA, LLC**

BY: _____
        HAROLD SEMANOFF, ESQUIRE
        ATTORNEYS FOR PLAINTIFF

DATED: December 13, 2018

- 2 -

{01547607;v1 }

**SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC**
BY:  HAROLD SEMANOFF, ESQUIRE
Identification No.  25366
2617 Huntingdon Pike
Huntingdon Valley, PA  19006
(215) 887-0200

ATTORNEYS FOR PLAINTIFF
COURT OF COMMON PLEAS
MONTGOMERY COUNTY

|  |  |
|---|---|
| Jonathan M. Malcolm | : |
| Plaintiff | : |
| vs. | : |
| Regal Ideas, Inc. | : |
| d/b/a Telesteps | : |
| and | : |
| Telesteps, Inc. | : |
| and | : |
| Regal Ideas, Inc. | : |
| d/b/a Telesteps | : |
| Defendants | : |

NO.  2018-20413

JURY TRIAL DEMANDED

# V E R I F I C A T I O N

HAROLD SEMANOFF, ESQUIRE, hereby verifies that he is counsel for Plaintiff herein; that he is authorized to make this verification on behalf of Plaintiff; that the Answers to Defendants' Request for Admissions are true and correct based upon information and belief; and that false statements made herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**SEMANOFF ORMSBY
GREENBERG & TORCHIA, LLC**

BY: _____
HAROLD SEMANOFF, ESQUIRE
ATTORNEYS FOR PLAINTIFFS

DATED:  December 13, 2018

- 3 -

{01547607;v1 }

**SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC**
BY:  HAROLD SEMANOFF, ESQUIRE
Identification No.  25366
2617 Huntingdon Pike
Huntingdon Valley, PA  19006
(215) 887-0200

ATTORNEYS FOR PLAINTIFF
COURT OF COMMON PLEAS
MONTGOMERY COUNTY

|  | |
|---|---|
| Jonathan M. Malcolm | NO.  2018-20413 |
| vs. | |
| Regal Ideas, Inc. | |
| d/b/a Telesteps | |
|        and | |
| Telesteps, Inc. | |
|        and | |
| Regal Ideas, Inc. | |
| d/b/a Telesteps | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below service of a true and correct copy of the Plaintiff's Answers to Defendants' Request for Admissions. was made upon all unrepresented parties and/or counsel of record by Certified and Regular First Class U.S. Mail, postage prepaid, or as otherwise required by law, and addressed as follows:

Christen L. Rafuse, Esquire
Riker Danzig Scherer Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Avenue
P.O. Box 1981
Morristown, NJ  07962-1981

*SEMANOFF ORMSBY*
*GREENBERG & TORCHIA, LLC*

BY: _____
HAROLD SEMANOFF, ESQUIRE
ATTORNEYS FOR PLAINTIFF

DATED: December 13, 2018

- 4 -

{01547607;v1 }